**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RAYMUNDO OVIEDO ARRIAGA,

Petitioner,

v. Case No. 2:26-cv-01832 KWR-SCY

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security,* ACTING DIRECTOR,
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director for Detention and Removal, and*
DORA CASTRO, *Warden of Otero County Processing Center*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE custody. He asserts that his detention without a bond hearing violates due process and he seeks release from custody or a bond hearing. As explained below, Petitioner's claims are not well-taken and he is mandatorily detained at this time under 8 U.S.C. § 1231(a)(2). Therefore, the Petition is **DENIED** without prejudice.

Petitioner is a citizen of Mexico. He entered the United States in 2019. A removal order was entered on June 24, 2026. Doc. 11-2 at 4. Petitioner reserved appeal, but did not file an appeal. Doc. 11-2 at 4; Doc. 11-3 at 1. Both Respondents' response and the EOIR case docket reflect that no appeal was filed. *See* Doc. 11; https://acis.eoir.justice.gov/en/caseInformation. Therefore, his removal order became final on July 24, 2026.

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a)(2) as he is in the 90 mandatory detention period following the entry of a final removal order. The Court agrees. Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA]

affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1.

Here, Petitioner's removal order was issued on June 24, 2026, and he reserved appeal. His appeal was due on July 24, 2026, but none was filed. Doc. 11-3 at 1. Thus, his removal order was final on that day. *See* 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of the appeal period if noncitizen does not file an appeal). Petitioner is therefore mandatorily detained under § 1231(a)(2) for ninety days from July 24, 2026. Moreover, the six-month period in which detention is presumptively reasonable has not yet expired. *See Zadvydas*, 533 U.S. at 701.

Therefore, Petitioner is mandatorily detained under § 1231(a)(2) and his Petition is denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motions (Docs. 2, 3) are **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE